*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
STEVEN FRIZZIOLA; PAUL                        :
AMERMAN; JAMES MAZZEO;                        :
SCOTT HORN; and DAVID GREEN,      :
                                                                      :
                                    Plaintiffs,           :        Civil Action No. 17-6864 (FLW) (DEA)
                                                                      :
        v.                                                        :
                                                                      :        OPINION
U.S. FOODS, INC., TEAMSTERS'          :
LOCAL 282 PENSION TRUST               :
FUND; TEAMSTERS' LOCAL               :
UNION 282; THOMAS GESUALDI;   :
LOUIS BISIGNANO; ANTHONY       :
D'AQUILA; MICHAEL O'TOOLE;     :
FRANK H. FINKEL; JOSEPH A.          :
FERRARA, SR.; MARC HERBST;        :
DENISE M. RICHARDSON; and         :
THOMAS F. CORBETT,                          :
                                                                      :
                                    Defendants.       :
_____

**WOLFSON, United States District Judge:**

In this employment dispute, Plaintiffs Steven Frizziola, Paul Amerman, James Mazzeo, Scott Horn, and David Green (collectively, "Plaintiffs") allege that Defendants U.S. Foods, Inc. ("U.S. Foods"), Teamsters' Local 282 Union (the "Union"), Teamsters' Local 282 Pension Trust Fund (the "Fund"), Thomas Gesualdi, Louis Bisignano, Anthony Perozzi, Anthony D'Aquila, Michael O'Toole, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise M. Richardson, and Thomas F. Corbett[1] (collectively, "Defendants") reduced Plaintiffs' pension benefits and

---

[1] The Court will refer to Gesualdi, Bisignano, Perozzi, D'Aquila, O'Toole, Finkel, Ferrara, Sr., Herbst, Richardson, and Corbett, collectively, as the "Individual Trustees."

1

seniority employment status, in violation of the anti-cutback provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1054(g).

Presently before the Court are three separate Motions to Dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by: (i) the Fund and the Individual Trustees (collectively, the "Fund Defendants"); (ii) the Union; and (iii) U.S. Foods. For the reasons that follow, the Court grants Defendants' Motions on the basis that Plaintiffs fail to state a claim upon which relief can be granted. However, Plaintiffs are given leave to file a Second Amended Complaint, solely with respect to their anti-cutback claim, and solely against the Fund Defendants, within thirty (30) days of the date of the Order accompanying this decision.

## I.     BACKGROUND[2]

At all relevant times, Plaintiffs were employed as delivery drivers for U.S. Foods. Amended Complaint ("Am. Compl."), ¶ 28. According to the Amended Complaint, in 2008, Plaintiffs "were induced by representatives of [U.S. Foods]" to transfer from a non-union U.S. Foods facility to a union facility of U.S. Foods, where the Union served as their collective bargaining representative. *Id*. at ¶¶ 29-30. Specifically, Plaintiffs allege that representatives of U.S. Foods and the Union told them that "they would be treated as 'Tier I' employees under the [Fund] and also receive employment seniority." *Id.* at ¶ 31. Plaintiffs further allege that they relied, in some unspecified way, on this representation. *Id.* at ¶ 32.

---

[2] For the purposes of the instant Motions, the Court will accept as true the facts alleged in the Amended Complaint, drawing all inferences in favor of Plaintiffs, the non-moving parties. *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010) (observing that, on a motion to dismiss, the court must "accept all factual allegations as true, construe the . . . complaint in the light most favorable to [the plaintiff], and determine whether, under any reasonable reading of the amended complaint, he may be entitled to relief.").

According to the Amended Complaint, despite these alleged representations, at some point in 2016, Plaintiffs were informed that "their seniority had been lost and [that they] were removed from 'Tier I' pension status to '2nd Tier' pension status to their detriment with respect to vesting status and benefit status."[3] *Id*. at ¶¶ 1, 33.  Plaintiffs aver that this alleged reclassification "so reduced the value of their pension benefit as to constitute a de facto prohibited amendment to the [Fund]." *Id.* at ¶ 37.

On September 7, 2017, Plaintiffs filed the original Complaint in this matter. ECF No. 1. Plaintiffs filed the Amended Complaint on September 28, 2017, asserting two causes of action stemming from the aforementioned allegations. ECF No. 13. In Count One, Plaintiffs assert a claim against the Fund Defendants[4] under ERISA's anti-cutback rule, 29 U.S.C. § 1054(g), seeking: (i) a "judicial determination" that the manner in which they were removed from Tier I pension status and placed on 2nd Tier status "constituted a de facto amendment to the pension plan . . . in violation of ERISA's anti-cutback rule"; and (ii) "the entry of an order enjoining the [Fund Defendants] from reducing the 'Tier 1' status of Plaintiffs."[5]  Am. Compl. ¶¶ 34-37. In

---

[3] The Amended Complaint is devoid of any allegations regarding the definitions for either "Tier I" or "2nd Tier" pension status, including what benefits accompany such classifications.

[4] While Count One does not expressly state that it is asserted solely against the Fund Defendants, the Fund Defendants are the only parties named in that Count, and, although U.S. Foods and the Union noted that Count One was not asserted against them in their Motions, Plaintiffs did not respond to that assertion in their Opposition brief. To the contrary, Plaintiffs' Opposition seemingly confirms that Count One is asserted only against the Fund Defendants. *See* Pls.' Br. at 1 ("[T]he Amended Complaint sets forth a chronology of events wherein Plaintiffs, through the actions of the *Local 282 Pension Fund Trustees*, were deprived of a benefit from the Fund . . . .") (emphasis added).  Accordingly, the Court will construe Count One as a claim solely against the Fund Defendants, and all other Defendants are dismissed.

[5] As the Court will explain, *infra*, in the "Jurisdiction" and "Parties" sections of the Amended Complaint, Plaintiffs also include passing references to sections 502(a)(1)(B), 502(a)(2), 502(a)(3), and 409 of ERISA.  *See* Compl. ¶¶ 3-4, 7, 9-14.  However, Plaintiffs do not assert specific claims in connection with any of these statutory provisions, or indicate that they are bringing either Count One or Count Two in connection with the same.  Accordingly, the Court will not address Plaintiffs' references to those statutory provisions in the instant decision.

Count Two, Plaintiffs assert a claim for "money damages," alleging that, "as a direct result of the actions of all Defendants and reliance upon the representations made to them by Defendants jointly, severally and in the alternative[,] [Plaintiffs] lost their seniority as employees and 'Tier I' pension status to their detriment." *Id.* at ¶¶ 38-39.

On January 5, 2018, Defendants filed the instant Motions to Dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF Nos. 18, 25, 29. On January 22, 2018, Plaintiffs filed a single Opposition brief that jointly addressed each of these Motions. ECF No. 30. The Union, U.S. Foods, and the Fund Defendants filed Reply briefs on January 26, 2018, January 29, 2018, and February 2, 2018, respectively. ECF Nos. 32, 35, 38.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. *See* FED. R. CIV. P. 12(b)(1). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *see St. Thomas–St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."). "On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Ballentine*, 486 F.3d at 810 (citations and internal quotation marks omitted).

In evaluating a Rule 12(b)(1) motion to dismiss, the reviewing court must first determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citation omitted); *see Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (observing that in reviewing a facial challenge, which contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."). A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co.*, 836 F.3d at 268. The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268.

**B.     Federal Rule of Civil Procedure 12(b)(6)**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual

5

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). Although Federal Rule of Civil Procedure 8(a)[6] does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In accordance with the pleading requirements set forth in *Twombly* and *Iqbal*, the Third Circuit has formulated "a three-step process for district courts to follow in reviewing the sufficiency of a complaint." *Robinson v. Family Dollar Inc*., 679 F. App'x 126, 131 (3d Cir. 2017); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the reviewing court "must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane*

---

[6] In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court reaffirmed that Federal Rule of Civil Procedure 8(a) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation, quotation marks, and brackets omitted).  Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. (citation and quotation marks omitted).  Finally, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citation, quotation marks, and brackets omitted).  This last step of the plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.   DISCUSSION

As a preliminary matter, the Court notes that although the Amended Complaint contains references to ERISA's civil enforcement provisions, §§ 502(a)(1)(b), 502(a)(2), and 502(a)(3), as well as to § 409 of ERISA, which governs claims for breach of fiduciary duty, Plaintiffs do not assert claims under any of those provisions.  Rather, the Amended Complaint only contains two Counts – a claim against the Fund Defendants for violation of ERISA's anti-cutback rule, 29 U.S.C. 1054(g); and a claim against all Defendants for "money damages" – neither of which cross-references any of those provisions.  The Court will not speculate as to whether Plaintiffs intended to assert separate claims outside of Counts One and Two, and accordingly, will only address the parties' arguments relating to each of those claims.

### A.   Count One:  Violation of ERISA's Anti-Cutback Rule, 29 U.S.C. § 1054(g)

In Count One, Plaintiffs allege that the manner in which the Fund Defendants "informed Plaintiffs that their pension status was reduced from" Tier 1 status to 2nd Tier status "so reduced the value of their pension benefit[s] as to constitute a de facto prohibited amendment to the

[Fund]," in violation of ERISA's anti-cutback rule. Am. Compl. ¶ 37. As noted, Count One is asserted solely against the Fund Defendants.

The Fund Defendants move to dismiss Count One, arguing that: (i) Plaintiffs have failed to state a claim for violation of ERISA's anti-cutback rule, because Plaintiffs do not sufficiently allege an amendment to the Fund that resulted in the deprivation of an accrued benefit; and (ii) that Plaintiffs failed to exhaust their administrative remedies prior to filing their ERISA claim.[7] In opposition, Plaintiffs maintain that they have sufficiently alleged a claim for violation of the anti-cutback rule. Additionally, Plaintiffs contend that they were not required to exhaust their administrative remedies prior to filing a claim under the anti-cutback rule, or, alternatively, that they either did exhaust their administrative remedies or that exhaustion would be futile.

ERISA is designed "to guarantee that employees will receive the retirement benefits they are promised." *Cottillion v. United Ref. Co.*, 781 F.3d 47, 51 (3d Cir. 2015); *Cent. Laborers' Pension Fund v. Heinz,* 541 U.S. 739, 743 (2004) ("There is no doubt about the centrality of ERISA's object of protecting employees' justified expectations of receiving the benefits their

---

[7] The Fund Defendants also contend that Plaintiffs lack Article III standing, because they fail to allege an injury in fact caused by the Fund Defendants. *See* Fund Defs.' Br. at 16-17. Specifically, the Fund Defendants argue that "Plaintiffs fail to allege that they applied for and were denied a [Fund] benefit and fail to allege [that] the [Fund Defendants] paid Plaintiffs in violation of the [Fund] plan documents." *Id.* at 16. Significantly, however, the Fund Defendants do not challenge Plaintiffs' standing as "participants" in the Fund to assert claims against the Fund Defendants for violations of ERISA's statutory provisions. *See* 29 U.S.C. § 1132(a)(1)(b) (limiting standing to assert an ERISA claim to "participants" and "beneficiaries," as those terms are defined under the statute); *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) ("By its terms, standing under [ERISA] is limited to participants and beneficiaries."). Rather, the Fund Defendants standing argument boils down to a question of the sufficiency of Plaintiffs' pleading; *i.e.*, whether Plaintiffs have pled enough facts to state a claim for violation of the anti-cutback rule. Accordingly, because the Fund Defendants' Article III standing argument is akin to their argument that Plaintiffs have failed to state a claim for violation of the anti-cutback rule, the Court will address these arguments in tandem.

employers promise them."). ERISA's anti-cutback rule "is crucial to this object." *Heinz*, 541 U.S. at 744. With few exceptions, the anti-cutback rule "prohibits any amendment of a pension plan that would reduce a participant's 'accrued benefit.'" *Id.* at 741 (quoting 29 U.S.C. § 1054(g)(1)). Specifically, as amended, the anti-cutback rule provides, in relevant part, as follows:

> (g) Decrease of accrued benefits through amendment of plan
>
>> (1) The accrued benefit of a participant under a plan may not be decreased by an amendment of the plan, other than an amendment described in section 1082(d)(2) or 1441 of this title.
>>
>> (2) For purposes of paragraph (1), a plan amendment which has the effect of—
>>
>>> (A) eliminating or reducing an early retirement benefit or a retirement-type subsidy (as defined in regulations), or
>>>
>>> (B) eliminating an optional form of benefit,
>>
>> with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits. In the case of a retirement-type subsidy, the preceding sentence shall apply only with respect to a participant who satisfies (either before or after the amendment) the preamendment conditions for the subsidy.

29 U.S.C. § 1054(g). In short, to state a claim for violation of ERISA's anti-cutback rule, a plaintiff must allege that: (i) an amendment to an ERISA-governed pension plan occurred; and (ii) the amendment resulted in the reduction of an accrued benefit. *See id.*

Here, the Court need not reach the issue of whether there was an amendment to the Fund,[8] because Plaintiffs have failed to sufficiently alleged that any such amendment resulted in

---

[8] Plaintiffs do not allege that there was a formal amendment to the Fund; instead, they aver that the manner in which they were removed from Tier I pension status and placed on 2nd Tier status constituted a "de facto prohibited amendment" to the Fund. Am. Compl. ¶ 7. Significantly, to protect pension recipients, the Third Circuit has taken a broad view of "what constitutes an 'amendment' to a pension plan." *Battoni v. IBEW Local Union No. 102 Employee Pension Plan*, 594 F.3d 230, 234 (3d Cir. 2010). For example, in *Hein v. F.D.I.C.*, 88 F.3d 210 (3d Cir. 1996),

the deprivation of an "accrued benefit." As noted, ERISA's anti-cutback rule only prohibits those amendments that result in the deprivation of an accrued benefit. 29 U.S.C. § 1054(g); s*ee Heinz*, 541 U.S. at 747 ("[E]mployers are perfectly free to modify the deal they are offering their employees, as long as the change goes to the terms of compensation for continued, future employment: a plan 'may be amended to eliminate or reduce . . . benefits not yet accrued . . . .'") (citation omitted). Here, while Plaintiffs baldly assert that the change in their employment status from Tier 1 to 2nd Tier "so reduced the value of their pension benefit as to constitute a de facto prohibited amendment," Am. Compl. ¶ 37, they fail to allege, in any concrete way, which benefits were reduced, whether such benefits had actually accrued prior to filing suit, and in what manner any such benefits were reduced. *See Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 765 (E.D. Ky. 2010) (dismissing an anti-cutback claim for failure to meet the pleading standard, where "[n]othing in [the plaintiff's] Complaint even intimate[d] which of his benefits were affected by [the] plan amendments and in what manner they were affected, absent bald assertions that reductions occurred."). Indeed, while the Amended Complaint vaguely references "Tier I" and "2nd Tier" employment status, it fails to define those terms, let alone set forth the benefit entitlements that accompany classification under the same.[9] As the Third

---

the court explained that even in the absence of a formal amendment to the language of a plan, "[a]n erroneous interpretation of a plan provision that results in the improper denial of benefits to a plan participant may be construed as an 'amendment' for the purposes of" ERISA's anti-cutback rule. *Id.* at 216. It follows that, to the extent Plaintiffs were deprived of an accrued benefit based on an improper interpretation of the Fund, Plaintiffs have alleged an amendment for the purposes of their anti-cutback claim. However, because the Amended Complaint is bereft of any reference to the Fund provisions on which Plaintiffs' claim is grounded, as well as any allegations showing that Plaintiffs received some accrued benefits and that these benefits were reduced following the change in Plaintiffs' employment status, the Court cannot find that Plaintiffs have alleged even an informal amendment to the Fund.

[9] Indeed, absent these factual allegations, the Court cannot determine whether: (i) Plaintiffs have an actionable anti-cutback claim arising out of an amendment of the Fund that resulted in a deprivation of accrued benefits; *e.g.*, that following an amendment to the Fund, the Fund

Circuit has repeatedly observed, although courts are bound, on a Rule 12(b)(6) motion, to accept the factual allegations in a complaint as true, they are "not required to credit bald assertions or legal conclusions improperly alleged in the complaint, and legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 247 F. App'x 403, 404-05 (3d Cir. 2007). Simply put, without the requisite factual allegations regarding the accrual of benefits and reduction of the same, as well as Plaintiffs' entitlement to benefits under the Fund, the Court cannot determine whether any amendment to the Fund resulted in the deprivation of an "accrued benefit," and thus, whether the amendment falls within the ambit of the anti-cutback provision. Accordingly, Plaintiffs' anti-cutback claim is dismissed without prejudice for failure to meet the pleading standard.[10]

### B.     Count Two:    Claim for Money Damages

---

Defendants added conditions or eligibility requirements that deprived Plaintiffs of accrued benefits to which they were previously entitled; or (ii) conversely, whether Plaintiffs are simply seeking relief due to an alleged clerical misclassification of their employment status, when they were never entitled to any such benefits under the language of the Fund. *See Martin v. Pub. Serv. Elec. & Gas Co.*, No. 05-5801, 2007 WL 119155, at *2 (D.N.J. Jan. 9, 2007), *aff'd*, 271 F. App'x 258 (3d Cir. 2008) ("Contrary to [the plaintiffs'] argument, the 'anti-cutback' rule is clearly inapplicable in this case because [the plaintiffs] are not claiming injury due to any plan amendments, but rather they seek relief due to [the] alleged misclassification of them as independent contractors.").

[10] In light of this Court's finding that dismissal of Count One is warranted, the Court need not reach the Fund Defendants' argument that Plaintiffs were required to exhaust their administrative remedies before filing the anti-cutback claim and failed to do so. That said, the Court notes that although the Third Circuit has yet to "resolve whether in general the exhaustion requirement applies to an anti-cutback claim," *Cottillion*, 781 F.3d at 54, the Sixth Circuit has held that exhaustion is not a prerequisite to asserting a claim under the anti-cutback rule. *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 565 (6th Cir. 2017). Nonetheless, to the extent that Plaintiffs opt to file a Second Amended Complaint, the Fund Defendants will not be precluded from raising administrative exhaustion as an affirmative defense.

In Count Two, Plaintiffs assert a claim against all Defendants for "money damages," alleging that as a "direct result of the actions of all Defendants and reliance upon the representations made to them by Defendants . . . [Plaintiffs] lost their seniority as employees and 'Tier I' pension status to their detriment." Am. Compl. ¶ 39.

Defendants raise a plethora of arguments as to why this Court should dismiss Count Two.[11]  Principal amongst those arguments is U.S. Foods' contention that Count Two must be dismissed because Plaintiffs' claim for "money damages" is not a cognizable cause of action, and thus, violates the notice pleading standard.  Significantly, Plaintiffs fail to respond to that argument – or in any way address Count Two – in their Opposition brief.

Federal Rule of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citations omitted).  Here, Count Two fails to meet even the liberal notice pleading standard, because Plaintiffs request for "money damages" is merely a request for a remedy, rather than a cognizable cause of action. *See Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012) (affirming the dismissal of the plaintiffs' claim for an injunctive relief, because an "injunction is a remedy, not a cause of action, and . . . plaintiffs must have a cause of action to seek a remedy."); *Rogers v. Smith*, No. 16-8872, 2017 WL 3037386, at *2 (D.N.J. July 18, 2017) (dismissing complaint for failure to "plausibly plead a cause of action," where the plaintiff did not "identify the legal theory or theories under which he is proceeding.").  Indeed, as the broad range of arguments raised in Defendants' Motions illustrate, the paucity of factual allegations

---

[11] Specifically, Defendants assert various arguments as to why, if Count Two is construed as an ERISA claim, a labor law claim, or a common law claim, that Count must be dismissed.

12

contained in Count Two leads Defendants to speculate as to "what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, including whether Plaintiffs are seeking to enforce a statutory right or one provided under common law. By the same token, the vague manner in which Count Two is asserted precludes this Court from undertaking the first step of the three-step process that the Third Circuit has instructed district courts to follow in reviewing the sufficiency of a complaint; *i.e.*, taking "note of the elements the plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (citation, quotation marks, and brackets omitted). Accordingly, Count Two is dismissed.

In sum, I find that dismissal of both Counts One and Two is warranted for failure to state a claim. However, Plaintiffs are given leave to replead their anti-cutback claim against the Fund Defendants only, in conformity with *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure 8(a), within thirty (30) days of the date hereof.[12] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). That said, the Court only grants Plaintiffs leave to file a Second Amended Complaint with respect to the anti-cutback claim against the Fund Defendants, because Plaintiffs have already amended their original Complaint and Plaintiffs did not seek leave to file any new claims in response to Defendants' Motions. Accordingly, I find that extending the scope of Plaintiffs' leave beyond the anti-cutback claim is not warranted.

## IV. <u>CONCLUSION</u>

---

[12] I note that, because of the inadequacy of the current pleading, the Court cannot make a finding that their amendment would be futile.

For the foregoing reasons, Defendants' Motions to Dismiss the Amended Complaint are GRANTED, because Plaintiffs fail to state a claim upon which relief can be granted. However, Plaintiffs are given leave to file a Second Amended Complaint solely with respect to their anti-cutback claim, and solely against the Fund Defendants, within thirty (30) days of the date hereof.

Dated: August 2, 2018　　　　　　　　　　　　　　　　　　/s/ Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge